IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL JONES,                        )
                                      )
            Plaintiff,                )
                                      )
    v.                                )    No. 08 C 3662
                                      )
SUPT. WEIS, Chicago Police            )
Department,                           )
                                      )
            Defendant.                )

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Jones alleges that, as a result of not having shoelaces for his shoes, he injured himself tripping and falling down a set of metal stairs while detained at the Cook County Jail. In his Amended Complaint, plaintiff alleges that defendant Jody Weis, Chicago's Superintendent of Police, is responsible because of a policy of taking shoelaces from an arrestee and not returning possession of the shoelaces directly to the arrestee prior to transferring a detained arrestee to the Cook County Jail. Defendant has moved to dismiss the case. In response to the motion to dismiss, plaintiff contends he has alleged a sufficient claim against Weis. Plaintiff also requests leave to file a second amended complaint adding a claim against Cook County Sheriff Thomas Dart, who is responsible for policies

at Cook County Jail. Plaintiff alleges that Dart has a policy of not permitting a detainee access to the detainee's property bag transferred from a police station, even for the purpose of removing shoelaces for the shoes being worn by the detainee.

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [Bell Atl. Corp. v.] Twombly, 550 U.S. 544 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557.
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).
> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements

of a cause of action, supported by mere
conclusory statements, do not suffice. Id.,
at 555 (Although for the purposes of a motion to
dismiss we must take all of the factual
allegations in the complaint as true, we "are not
bound to accept as true a legal conclusion
couched as a factual allegation" (internal
quotation marks omitted)). Rule 8 marks a
notable and generous departure from the
hyper-technical, code-pleading regime of a prior
era, but it does not unlock the doors of
discovery for a plaintiff armed with nothing more
than conclusions. Second, only a complaint that
states a plausible claim for relief survives a
motion to dismiss. Id., at 556. Determining
whether a complaint states a plausible claim for
relief will, as the Court of Appeals observed, be
a context-specific task that requires the
reviewing court to draw on its judicial
experience and common sense. 490 F.3d, at
157-158. But where the well-pleaded facts do not
permit the court to infer more than the mere
possibility of misconduct, the complaint has
alleged-but it has not "show[n]"-"that the
pleader is entitled to relief." Fed. Rule Civ.
Proc. 8(a)(2).

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

Because plaintiff is proceeding pro se, the allegations of his Amended Complaint must be liberally construed and it is held to less stringent standards than a pleading drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007); Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009). However, a pro se plaintiff is still required to allege more than a possibility of misconduct, that is, a plausible claim still must be alleged. Atherton v. District of Columbia Office of Mayor, ___ F.3d ___, ___, 2009 WL 1515373 *6 (D.C. Cir. June 2,

2009) (quoting Iqbal, 127 S. Ct. at 1950); Tellez v. Walker, 2009 WL 1470403 *3 (S.D. Ill. May 27, 2009); Dorman v. Caffey, 2008 WL 4619802 *3 (S.D. Ill. Oct. 17, 2008). The Seventh Circuit applies a type of sliding scale approach to plausibility. The more complex the case and more costly potential discovery, the more detail that will be required to satisfy the plausibility requirement. Tamayo v. Blagojevich, 526 F.3d 1074, 1082-83 (7th Cir. 2008); Limestone Dev, Corp. v. Village of Lemont, Ill., 520 F.3d 797, 803-04 (7th Cir. 2008).

In his Amended Complaint, plaintiff alleges that everyone, from childhood on, is taught that loose or untied shoes are unsafe. After being arrested by Chicago police,[1] plaintiff's possessions were taken from him, including the shoelaces for the boots he was wearing. Plaintiff objected to the shoelaces being taken, but the police officer told him he did not have the option of keeping them and also falsely told him he could obtain them later. The shoelaces were placed in a property bag. At the time he was being transferred to Cook County Jail, plaintiff requested his shoelaces, but a police officer again refused to provide them. At the jail, there was no policy against having shoelaces. However, jail policy is that nothing (except money) may be

---

[1]Plaintiff does not expressly allege he was arrested, but it is a clear inference from his being in the custody of police officers and thereafter being transferred to jail.

removed from a detainee's property bag until he or she is released from the jail.  Plaintiff's request to have his shoelaces removed from his property bag was denied.  Also, there is a policy against using homemade shoelaces.  While detained, plaintiff continued to wear his boots, but without shoelaces.  Two months after he was transferred to the jail, plaintiff injured himself falling down a flight of metal stairs when his boot came loose from one of his feet during normal use.

As to Weis, plaintiff conclusorily alleges that, as Police Superintendent, he is "assigned to oversee policies, new rules and the actions of the employees entrusted under his chain of command."  It is alleged that Weis, "treated [plaintiff] with deliberate indifference when he failed reasonably to respond to the policy rendering suspect's property unsafe for normal use while knowingly the manufactured design was changed once removing the shoe strings leaving the quality of said product unsafe and its safety quality of the boots to run the risk of malfunctioning while in normal use causing serious harm to the plaintiff in his fall."  It is also alleged:  "Defendant was aware that boots were not safe, that the design for safe or normal use was designed by the manufacturers with shoe strings to secure the boots to the foot.  Or even had they came with some sort of replacement would have met the standard for safety for doing the job."

In his proposed second amended complaint, plaintiff alleges Dart, as Sheriff, "is assigned to oversee policies, new rules and actions of the employees entrusted under his chain of command." It is alleged that both Weis and Dart "acted hand and hand in this matter, without wanting to be responsible nor willing to have a solution in terms of safety for plaintiff. . . . And defendant Dart acted through their policies with participation in this harm." It is also added that: "And had police and(or) county jail had given a replacement measure of safety, such as slip on shoes, this incident would or could have been avoided."

Although defendant suggests other possible claims that plaintiff may be raising, it is clear from plaintiff's responsive brief that his claim is that defendant, and now Sheriff Dart as well, were each deliberately indifferent to plaintiff's safety needs. Such a claim by a pretrial detainee, if adequately alleged, would be a cognizable violation of plaintiff's due process rights. See Guzman v. Sheahan, 495 F.3d 852, 856-57 (7th Cir. 2007); Estate of Moreland v. Dieter, 395 F.3d 747, 758 (7th Cir. 2005). To have been deliberately indifferent, a prison official must have been "aware of a substantial risk of serious injury to [plaintiff] but nevertheless failed to take appropriate steps to protect him from a known danger." Guzman, 495 F.3d

at 857 (quoting <u>Butera v. Cottey</u>, 285 F.3d 601, 605 (7th Cir. 2002)); <u>Moreland</u>, 395 F.3d at 758 (same).

Neither the pending or proposed complaint allege that Weis or Dart was actually aware that plaintiff was without his shoelaces. Instead, plaintiff relies on the general policies of police taking shoelaces from arrestees and the jail not permitting shoelaces to be taken from a property bag. Without any supporting factual allegations, plaintiff contends Weis and Dart would have known such policies would result in injury to detainees. As the Supreme Court recently held in <u>Iqbal</u>, such allegations are insufficient. Facts must be alleged to support that an official made decisions with the requisite intent to cause harm. No facts are alleged regarding any considerations that may have gone into making the policy decisions at issue. There is no allegation that either policy was put in place at a time Weis or Dart was in his current position. Neither is there an allegation that, even if put in place earlier, either policy was expressly reviewed by Weis or Dart while in his respective position. Without having expressly considered the pertinent policies, it cannot be plausible that Weis or Dart was aware of the allegedly substantial risks these policies created for detainees. Even if it were alleged that the policies were expressly considered and approved by Weis or Dart, there are insufficient factual allegations to support that the policies

represented substantial risks. Plaintiff does not allege sufficient facts regarding the likelihood of injury, alternatives such as buying shoelaces or other shoes at the commissary, and possible countervailing concerns such as preventing suicides, preventing the use of shoelaces as weapons and for other forbidden purposes, and preventing thefts from property bags or accusations of such thefts. For the foregoing reasons, plaintiff has not plausibly alleged that Weis acted with deliberate indifference nor does the proposed amended complaint plausibly allege that Dart acted with deliberate indifference. Since the failure to adequately allege deliberate indifference dooms plaintiff's due process claim, it is unnecessary to consider any other issues raised by defendant.

Since the Amended Complaint does not adequately alleged that defendant Weis committed a constitutional violation, the motion to dismiss will be granted. Since the proposed second amended complaint does not adequately allege that Weis or Dart committed a constitutional violation, leave to amend will not be granted. Plaintiff's cause of action will be dismissed with prejudice.

IT IS THEREFORE ORDERED that defendant's motion to dismiss [21] is granted. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff dismissing plaintiff's cause of action with prejudice. Under

28 U.S.C. § 1915(g), this dismissal counts as one "strike." If plaintiff wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of the judgment in this case.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: JUNE 11, 2009